UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEFF STRINGER,** | § | Civil Action No. 4:15-cv-2453 |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | |
| | § | |
| **TRICAN WELL SERVICE, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.   Defendant Trican Well Service, L.P. ("Defendant") required Plaintiff Jeff Stringer ("Plaintiff") to work more than forty hours in a workweek as an Equipment Operator.  Defendant misclassified Plaintiff as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  However, the job duties of an Equipment Operator do not satisfy the exemption tests for any exemption under the FLSA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The Defendant's principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction.

## PARTIES

4.   Plaintiff Jeff Stringer is an individual currently residing in Nueces County, Texas. He began working for Defendant in approximately February of 2011.  He worked for Defendant

1

in Texas, New Mexico, and North Dakota.  Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to join this action and his written consent is attached hereto as Exhibit 1.

5. Defendant Trican Well Service, L.P. is a foreign corporation incorporated under the laws of Delaware and headquartered in Houston, Texas.  Defendant may be served process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Ste. 620, Austin, TX 78701.

## COVERAGE

6. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

7. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

8. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

9. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

10. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

11. From approximately February 2011 to August 2015, Plaintiff has worked for Defendants as an equipment operator in Texas, New Mexico, and North Dakota.

12. As an Equipment Operator, Plaintiff's primary duties are to monitor, manage, and fix equipment.

13. An Equipment Operator typically works a12 hour shift, at the well site, and is responsible for maintaining the equipment in operational condition. An Equipment Operator typically works 7 days a week, for a minimum total of 84 hours in a given work week.

14. Plaintiff sometimes worked at a single well site for weeks on end without a day off, and then Defendant transferred him to a different well site according to Defendant's needs.

15. For compensation, Plaintiff is paid a base wage plus daily bonus for each day he worked for Defendant. The daily bonus is not overtime pay, but rather a lump sum payment that must be included in Plaintiff's regular rate of pay.

16. No exemption in the FLSA shelters Defendant from paying overtime to Plaintiff.

17. Plaintiff does not supervise or manage a customarily recognized department of Defendant's company.

18. Plaintiff has no authority to hire or fire other employees.

19. Plaintiff is a field employee, not office employee.

20. Plaintiff performs work related to Defendant's services, not the management of the company's operations.

21. Plaintiff's work does not require independent judgment and discretion.

22. Plaintiff spends the majority of his work maintaining equipment, cleaning and polishing units, changing equipment parts, and performing oil and hydraulic maintenance.

23. Plaintiff is not guaranteed total annual compensation in excess of $100,000.

24. Despite these facts, Defendant classifies Plaintiff as exempt from overtime and compensates him with a base wage.

25. Defendant has a policy or practice of failing to compensate Plaintiff for all overtime hours worked.

26. As a result of Defendant's pay policies, Plaintiff was denied the overtime pay required by federal law.

27. Defendant knew, or showed reckless disregard for whether Plaintiff was entitled to overtime pay under federal law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

30. Defendant classified Plaintiff as an exempt employee and paid him on a base wage/day rate system without overtime.

31. None of the exemptions provided by the FLSA are applicable to Plaintiff.

32. Defendant knowingly failed to compensate Plaintiff at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

33. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA overtime protections.

34. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. A judgment against Defendant awarding Plaintiff all unpaid overtime compensation;

B. Liquidated damages to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Galvin B. Kennedy
Galvin B. Kennedy
Gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
Federal Bar No. 20791
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF

Of Counsel:
Udyogi Hangawatte
uhangawatte@kennedyhodges.com
Texas Bar No. 24094698
Kennedy Hodges, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116