UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEFF STRINGER,** | § | Civil Action No. 4:15-cv-02453 |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **TRICAN WELL SERVICE, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## **PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

1. Defendant Trican Well Service, L.P. ("Defendant") required Plaintiff Jeff Stringer ("Plaintiff") to work more than forty hours in a workweek as an Equipment Operator and as a Supervisor. Defendant failed to pay Plaintiff overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, which requires covered employees to be compensated for all hours worked in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

2. Defendants employ Equipment Operators and Supervisors in numerous states across the United States, including New Mexico, Texas, and North Dakota. Defendant fails to pay hundreds of other Equipment Operators and Supervisors correctly. Therefore, Plaintiff brings this action as a collective under the FLSA, 29 U.S.C. 216(b). Members of the FLSA collective are hereinafter referred to as the "FLSA Class Members."

3. As with the FLSA, the failure to pay overtime is illegal under the state laws of New Mexico. Defendant's conduct violates the New Mexico Minimum Wage Act N.M. STAT. ANN. § 50-4-22(D) ("NMMWA"), which, like its federal counterpart, requires compensation for

each hour over 40 at one and one-half times an employee's regular rate.  Plaintiffs therefore bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other non-exempt employees who worked more than forty (40) hours in a workweek as flow testers for Defendants in New Mexico. Members of the New Mexico class are hereinafter referred to as the "New Mexico Class Members."

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The Defendant's principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction.  A substantial portion of the events forming the basis of this suit occurred in this district.

## PARTIES

7. Plaintiff Jeff Stringer is an individual currently residing in Nueces County, Texas. He worked for Defendant from approximately February 2011 to August 2015.  He worked for Defendant in Texas, New Mexico, and North Dakota.  Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to join this action.

8. Defendant Trican Well Service, L.P. is a foreign corporation incorporated under the laws of Delaware and headquartered in Houston, Texas.  Defendant may be served process

through its registered agent Corporation Service Company d/b/a CSC-Lawyers Inco,  211 E. 7th Street, Ste. 620, Austin, TX 78701.

9. The "FLSA Class Members" are all current and former Equipment Operators and Supervisors who performed work for Defendants throughout the United States during the three-year period before the filing of this Complaint.  The "New Mexico Class Members," are a subset of the FLSA Class Members that performed work for Defendants in New Mexico.

10. This Court has personal jurisdiction over the Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction.  The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

13.  At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

16. At all material times, New Mexico Class Members were employees of Defendants with the meaning of N.M. STAT. ANN. § 50-4-21(C).

17. At all material times, Defendants have been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

18. Plaintiff worked for Defendants as an Equipment Operator and as a Supervisor.

19. As an Equipment Operator, Plaintiff's primary duties were to monitor, operate, and fix equipment.

20. As a Supervisor, Plaintiff's primary duties were to monitor, operate, and fix equipment. Plaintiff also watched over a crew of Equipment Operators, filled out paperwork related to the job, and reported to the Operations Manager.

21. Equipment Operators and Supervisors typically work a12 hour shift, at the well site, and are responsible for maintaining the equipment in operational condition.

22. Equipment Operators and Supervisors typically work 7 days a week, for a minimum total of 84 hours in a given work week.

23. Plaintiff sometimes worked at a single well site for weeks on end without a day off, and then Defendant transferred him to a different well site according to Defendant's needs.

24. As an Equipment Operator, Plaintiff was paid an hourly wage plus daily bonus. The daily bonus was not overtime pay, but rather a lump sum payment that must be included in Plaintiff's regular rate of pay.

25. As a Supervisor, Plaintiff was paid a base wage plus daily bonus. The daily bonus was not overtime pay, but rather a lump sum payment that must be included in Plaintiff's regular rate of pay.

26. No exemption in the FLSA shelters Defendant from paying overtime to Plaintiff.

27. Plaintiff does not supervise or manage a customarily recognized department of Defendant's company.

28. Plaintiff has no authority to hire or fire other employees.

29. Plaintiff is a field employee, not office employee.

30. Plaintiff performs work related to Defendant's services, not the management of the company's operations.

31. Plaintiff's work does not require independent judgment and discretion.

32. Plaintiff spends the majority of his work maintaining equipment, cleaning and polishing units, changing equipment parts, and performing oil and hydraulic maintenance.

33. Plaintiff is not guaranteed total annual compensation in excess of $100,000.

34. As a Supervisor, Defendant classified Plaintiff as exempt from overtime and compensated him with a base wage.

35. Defendant has a policy or practice of failing to compensate Plaintiff for all overtime hours worked.

36. As a result of Defendant's pay policies, Plaintiff was denied the overtime pay required by federal law.

37. Defendant knew, or showed reckless disregard for whether Plaintiff was entitled to overtime pay under federal law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

40. Defendant failed to pay Plaintiff and other similarly situated Equipment Operators time-and-a-half their regular rate for hours in excess of forty (40) per workweek.

41. Defendant classified Plaintiff and other similarly-situated Supervisors as exempt and paid them on a base wage without overtime.

42. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

43. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay as a result of Defendants' pay practices.

44. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

45. None of the exemptions provided by the FLSA are applicable to Plaintiff.

46. Defendant knowingly failed to compensate Plaintiff at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

47. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA overtime protections.

48. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

49. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

50. As such, the classes of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **FLSA Equipment Operator Sub-Class**: All current and former Equipment Operators, or workers who performed substantially similar duties, who worked for Defendant during the three-year period before the filing of this Complaint to the present.
>
> **FLSA Supervisor Sub-Class**: All of Defendant's current and former Supervisors, or workers who performed substantially similar duties, who worked for Defendant during the three-year period before the filing of this Complaint to the present.

## COUNT II
## VIOLATION OF N.M. STAT. ANN. § 50-4-22(D)

51. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

52. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiff, within the meaning the NMMWA.

53. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

54. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

55. Plaintiffs bring claims on behalf of themselves and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## RULE 23 CLASS ACTION ALLEGATIONS

56. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

57. Plaintiffs bring their overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following classes:

> **New Mexico Equipment Operator Sub-Class:** All current and former Equipment Operators, or workers who performed substantially similar duties, who worked for Defendant in New Mexico during the three-year period before the filing of this Complaint to the present.
>
> **New Mexico Supervisor Sub-Class:** All current and former Supervisors, or workers who performed substantially similar duties, who worked for Defendant in New Mexico during the three-year period before the filing of this Complaint to the present.

58. Although Plaintiff does not know the precise number of members of the proposed classes, Plaintiff believes there are more than 40 members of each class.

59. The members of the class are so numerous that their individual joinder is impractical.

60. The identity of the members of the New Mexico Class is readily discernible from Defendants' records.

61.     Plaintiff and the proposed New Mexico Class members on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

62.     Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

63.     These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

64.     Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with New Mexico law.

65.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and their counsel.

66.     A class action is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility

for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## DAMAGES SOUGHT

67. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation, an amount equal to all of their unpaid wages as liquidated damages, and attorney's fees and costs. 29 U.S.C. §§ 207, 216.

68. Plaintiffs and the New Mexico Class Members are entitled to recover their unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, attorney's fees and costs, and interest for their unpaid wages. N.M. STAT. ANN. §§ 50-4-22, 50-4-26.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. An order from the Court authorizing notice to all FLSA Class Members apprising them of their eligibility to join this lawsuit;

B. A judgment against Defendant awarding Plaintiff all unpaid overtime compensation;

C. Liquidated damages to the fullest extent permitted under the law;

D. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

E. Interest for all unpaid wages accruing in New Mexico; and

D. Such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        KENNEDY HODGES, L.L.P.

  By: /s/ Galvin B. Kennedy
        Galvin B. Kennedy
        Gkennedy@kennedyhodges.com
        Texas State Bar No. 00796870
        Federal Bar No. 20791
        711 W. Alabama St.
        Houston, TX 77006
        Telephone:  (713) 523-0001
        Facsimile:  (713) 523-1116

        LEAD ATTORNEY IN CHARGE FOR PLAINTIFF

**Of Counsel:**
Udyogi Hangawatte
uhangawatte@kennedyhodges.com
Texas Bar No. 24094698
Kennedy Hodges, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone:  (713) 523-0001
Facsimile:  (713) 523-1116

## CERTIFICATE OF SERVICE

    I hereby certify that on October 30, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ Galvin B. Kennedy
        Galvin B. Kennedy