UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JEFF STRINGER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | Civil Action No. 4:15-cv-2453 |
| **TRICAN WELL SERVICE, L.P.,** § | |
| § | |
| **Defendant.** § | |
| § | |

## PLAINTIFF'S SECOND AMENDED COLLECTIVE ACTION COMPLAINT

1. Defendant Trican Well Service, L.P. ("Defendant") required Plaintiff Jeff Stringer ("Plaintiff") to work more than forty hours in a workweek as a Service Supervisor. Defendant failed to pay Plaintiff overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, which requires covered employees to be compensated for all hours worked in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

2. Defendant employs Service Supervisors in numerous states across the United States, including Texas, New Mexico, and North Dakota. Defendant fails to pay hundreds of other Service Supervisors correctly. Therefore, Plaintiff brings this action as a collective under the FLSA, 29 U.S.C. 216(b). Members of the FLSA collective are hereinafter referred to as the "FLSA Class Members."

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The Defendant's principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction. A substantial portion of the events forming the basis of this suit occurred in this district.

## PARTIES

5. Plaintiff Jeff Stringer is an individual currently residing in Nueces County, Texas. He worked for Defendant from approximately February 2011 to August 2015. He worked for Defendant in Texas, New Mexico, and North Dakota. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to join this action.

6. Defendant Trican Well Service, L.P. is a foreign corporation incorporated under the laws of Delaware and headquartered in Houston, Texas. Defendant may be served process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Ste. 620, Austin, TX 78701.

7. The "FLSA Class Members" are all current and former Service Supervisors who performed work for Defendant throughout the United States during the three-year period before the filing of this Complaint.

8. This Court has personal jurisdiction over the Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. The

assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Plaintiff worked for Defendant as a Service Supervisor.

15. As a Service Supervisor, Plaintiff's primary duties were to monitor, operate, and fix equipment. Plaintiff also watched over a crew of Equipment Operators, filled out paperwork related to the job, and reported to the Operations Manager.

16. Service Supervisors typically work a 12 hour shift, at the well site, and are responsible for maintaining the equipment in operational condition.

17. Service Supervisors typically work 7 days a week, for a minimum total of 84 hours in a given work week.

18. Plaintiff sometimes worked at a single well site for weeks on end without a day off, and then Defendant transferred him to a different well site according to Defendant's needs.

19. As a Service Supervisor, Plaintiff was paid a base wage plus daily bonus. The daily bonus was not overtime pay, but rather a lump sum payment that must be included in Plaintiff's regular rate of pay.

20. No exemption in the FLSA shelters Defendant from paying overtime to Plaintiff.

21. Plaintiff does not supervise or manage a customarily recognized department of Defendant's company.

22. Plaintiff has no authority to hire or fire other employees.

23. Plaintiff is a field employee, not office employee.

24. Plaintiff performs work related to Defendant's services, not the management of the company's operations.

25. Plaintiff's work does not require independent judgment and discretion.

26. Plaintiff spends the majority of his work maintaining equipment, cleaning and polishing units, changing equipment parts, and performing oil and hydraulic maintenance.

27. Plaintiff is not guaranteed total annual compensation in excess of $100,000.

28. As a Service Supervisor, Defendant classified Plaintiff as exempt from overtime and compensated him with a base wage.

29. Defendant has a policy or practice of failing to compensate Plaintiff for all overtime hours worked.

30. As a result of Defendant's pay policies, Plaintiff was denied the overtime pay required by federal law.

31. Defendant knew, or showed reckless disregard for whether Plaintiff was entitled to overtime pay under federal law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

34. Defendant classified Plaintiff and other similarly-situated Service Supervisors as exempt and paid them on a base wage without overtime.

35. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

36. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay as a result of Defendant's pay practices.

37. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

38. None of the exemptions provided by the FLSA are applicable to Plaintiff.

39. Defendant knowingly failed to compensate Plaintiff at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

40. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA overtime protections.

41. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

42. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

43. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All of Defendant's current and former Service Supervisors, or workers who performed substantially similar duties, who worked for Defendant during the three-year period before the filing of this Complaint to the present.**

## DAMAGES SOUGHT

44. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation, an amount equal to all of their unpaid wages as liquidated damages, and attorney's fees and costs. 29 U.S.C. §§ 207, 216.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A. An order from the Court authorizing notice to all FLSA Class Members apprising them of their eligibility to join this lawsuit;

B. A judgment against Defendant awarding Plaintiff all unpaid overtime compensation;

C. Liquidated damages to the fullest extent permitted under the law;

D. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/*Galvin B. Kennedy*
Galvin B. Kennedy
Texas Bar No. 00796870
Federal ID No. 20791
711 West Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Gkennedy@kennedyhodgs.com

*Attorney-in-Charge for Plaintiff*

**OF COUNSEL:**

Udyogi A. Hangawatte
Texas Bar No. 24094698
Federal ID No. 2488120
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Uhangawatte@kennedyhodges.com

## CERTIFICATE OF SERVICE

This is to certify that on March 4, 2016 a copy of the foregoing instrument was served upon Defendant via the Court's electronic case filing system.

           */s/ Galvin B. Kennedy*
           Galvin B. Kennedy