**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JEFF STRINGER,** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **4:15-cv-02453** |
| **TRICAN WELL SERVICE, L.P.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT TRICAN WELL SERVICE, L.P.'S**
**ORIGINAL ANSWER TO PLAINTIFF'S**
**SECOND AMENDED COLLECTIVE ACTION COMPLAINT**

COMES NOW Defendant Trican Well Service, L.P. ("Defendant") and answers Plaintiff's Second Amended Collective Action Complaint ("Second Amended Complaint") as follows:

1.      Defendant denies the allegations in paragraph 1 of the Second Amended Complaint.

2.      Defendant admits that it employs Service Supervisors in numerous states. Defendant denies the remaining allegations in paragraph 2 of the Second Amended Complaint.

**JURISDICTION AND VENUE**

3.      Defendant admits that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act ("FLSA") and admits that this Court has subject matter jurisdiction over Plaintiff's claims.  Defendant denies the remaining allegations in paragraph 3 of the Second Amended Complaint.

4.      Defendant admits that venue is proper in this Court.

## PARTIES

5.      Defendant is without information or knowledge sufficient to admit or deny Plaintiff's residency.   Defendant admits that it employed Plaintiff.   Defendant denies the remaining allegations in paragraph 5 of the Second Amended Complaint.

6.      Defendant admits the allegations in paragraph 6 of the Second Amended Complaint.

7.      Defendant denies the allegations in paragraph 7 of the Second Amended Complaint.

8.      Defendant admits that the Court has jurisdiction.

## COVERAGE

9.      Defendant admits the allegations in paragraph 9 of the Second Amended Complaint.

10.     Defendant admits the allegations in paragraph 10 of the Second Amended Complaint.

11.     Defendant admits the allegations in paragraph 11 of the Second Amended Complaint.

12.     Defendant admits the allegations in paragraph 12 of the Second Amended Complaint.

13.     Defendant admits the allegations in paragraph 13 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

14.     Defendant admits the allegations in paragraph 14 of the Second Amended Complaint.

15.     Defendant admits that Plaintiff supervised a crew of Equipment Operators, filled out paperwork related to the job, and reported to the Operations Manager.  Defendant denies the remaining allegations in paragraph 15 of the Second Amended Complaint.

16.     Defendant denies the allegations in paragraph 16 of the Second Amended Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Second Amended Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Second Amended Complaint.

19.     Defendant admits that it paid Plaintiff a salary and bonuses when he worked as a Supervisor.  Defendant denies the remaining allegations in paragraph 19 of the Second Amended Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Second Amended Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Second Amended Complaint.

22.     Defendant admits the allegations in paragraph 22 of the Second Amended Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Second Amended Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Second Amended Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Second Amended Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Second Amended Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Second Amended Complaint.

28.     Defendant admits that it classified Plaintiff as exempt when he worked as a Supervisor.  Defendant denies the remaining allegations in paragraph 28 of the Second Amended Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Second Amended Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Second Amended Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Second Amended Complaint.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207**

32.     Defendant re-alleges and incorporates its responses to paragraphs 1 – 32.

33.     The statements set forth in paragraph 33 of the Second Amended Complaint constitute legal contentions rather than factual allegations and require no answer.

34.     Defendant admits that it classified Plaintiff as an exempt employee when he worked as a Supervisor.  Defendant denies the remaining allegations in paragraph 34 of the Second Amended Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Second Amended Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Second Amended Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Second Amended Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Second Amended Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Second Amended Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Second Amended Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Second Amended Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Second Amended Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Second Amended Complaint.

## DAMAGES SOUGHT

44.     Defendant denies that Plaintiff is entitled to recover any damages as sought in paragraph 44 of the Second Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in the prayer.

All allegations not admitted herein are denied.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1.      Plaintiff failed to state a claim upon which relief may be granted.

2.      Plaintiff was properly compensated in accordance with the FLSA.

3.      Plaintiff's claims are barred because when he worked as a supervisor he was an exempt employee under the FLSA's executive exemption, administrative exemption, and/or highly compensated employee exemption.

4.      Notwithstanding applicable exemptions, and without assuming the burden of proof, any alleged violation of the FLSA by Defendant was not willful, and therefore all claims are limited to a two-year limitations period calculated from the date Plaintiff filed suit, or from the date any future plaintiff files his or her written consent to join this action.

5.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations including, but not limited to, 29 U.S.C. § 255.

6.      Plaintiff's claims are barred for time allegedly worked by him without Defendant's actual or constructive knowledge.

7.      Defendant is not entitled to recover for non-compensable time.

8.      Plaintiff may not seek wages for time that is *de minimis*.

9.      Plaintiff may not seek relief for preliminary and postliminary acts under the Portal-to-Portal Act.

10.     Defendant is entitled to an offset against any amounts due equal to the amount Defendant overpaid Plaintiff and for other amounts paid to Plaintiff.

11.     Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because he is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

12.     Plaintiff is an inadequate class representative because of the highly fact-specific and individualized nature of the claims in the Second Amended Complaint.

13.     Defendant asserts the above defenses to the claims of all opt-in plaintiffs.

14.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative or other defenses available.  Defendant reserves the right to amend and add additional defenses as deemed necessary and permitted by the Court.

## **PRAYER**

For these reasons, Defendant requests that Plaintiff's Second Amended Complaint be dismissed with prejudice and that it be awarded its costs, attorneys' fees, and such other relief as may be just and proper.

Respectfully submitted,

*/s/ John B. Brown*
John B. Brown
Attorney-In-Charge
Texas State Bar No. 00793412
Federal I.D. No. 348718
john.brown@ogletreedeakins.com
Bryant S. McFall
Texas State Bar No. 00784556
Federal I.D. No. 18007
bryant.mcfall@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.**
Preston Commons, Suite 500
8117 Preston Road
Dallas, Texas  75225
Telephone: 214-987-3800
Facsimile:  214-987-3926

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on March 18, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Plaintiff, ECF registrants:

Galvin B. Kennedy
Udyogi Hangawatte
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, Texas 77006

*/s/ John B. Brown*
John B. Brown

23563941.1

**DEFENDANT TRICAN WELL SERVICE, L.P.'S
ORIGINAL ANSWER TO PLAINTIFF'S
SECOND AMENDED COLLECTIVE ACTION COMPLAINT                    Page 8**